U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUL 16 2014

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LOUISE AND JOHN LACOUR, SR.          CIVIL ACTION NO:13-3169

VERSUS                                JUDGE DONALD E. WALTER

CASSANDRA THOMPSON AND
FOREMOST INSURANCE COMPANY            MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court are a Motion to Dismiss, or in the Alternative, Motion to Transfer for Improper Venue/Division [Doc. #7] and a Motion for Summary Judgment [Doc. #11] filed by the the Defendant, Cassandra Thompson ("Thompson"). Plaintiffs, John LaCour, Sr. and Louise LaCour ("the LaCours"), consented to a transfer of division, but did not file an opposition to Thompson's Motion for Summary Judgment. For the reasons stated herein, Thompson's Motion for Summary Judgment is **GRANTED**.[1] Plaintiffs' claims against Thompson are hereby **DISMISSED WITH PREJUDICE.**

## BACKGROUND INFORMATION

The LaCours filed suit against Thompson and her alleged insurer, Foremost Insurance Company ("Foremost"). The LaCours allege that Thompson owns property located at 543 Amulet, Natchitoches, Louisiana, which was leased for rent. The LaCours allege that the tenants of the property in question hired Ronnie Gistard to repair a roof on the property with Thompson's

---

[1] Thompson's Motion to Dismiss [Doc. #7] is **DENIED**. The general venue statute "speaks in terms of districts, not divisions; it does not require a suit to be filed in any particular division within the district." *Davidson v. Weyerhaeuser Corp.*, 2011 WL 5402363 (quoting *Says v. M/V DAVID C DEVALL*, 161 F.Supp.2d 752, (S.D. Tex. 2001)); 28 U.S.C. § 1391.

knowlege and premission. Mr. Guistard hired John LaCour to assist him with the roofing job. On or about December 11, 2012, while Mr. LaCour was assisting in making repairs, the roof gave way and Mr. LaCour fell through the roof, landing on a rafter. Mr. LaCour injured his left knee, which required surgery. Mr. LaCour's recovery took several months, during which time he was unable to work. Mr. LaCour also alleges that he suffered extreme pain and suffering.

Thompson moves for summary judgment, arguing that as a matter of law she cannot be held liable to the LaCours because she did not have custody or control over the property in question at the time of the accident.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.* The court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325;

*Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine dispute as to a material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

Despite the failure of the Plaintiffs to file an opposition, summary judgment may not be awarded simply by default. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). The movant of a motion for summary judgment ultimately has the burden of establishing the absence of a genuine issue of material fact, regardless of whether an opposition has been filed. *Id.* However, in determining whether summary judgment is proper, this court may accept as undisputed all facts set forth in the unopposed motion. *See Eversley v. M Bank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

3

## LAW AND ANALYSIS

The parties agree that Louisiana law governs this cause of action. Louisiana Civil Code Article 2317 states: "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by [] the things which we have in our custody." "The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew, or in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." La. C.C. art. 2317.1

Article 2317 imposes liability based on a person's relationship of custody or garde to a defective thing that creates an unreasonable risk of injury to others. *King v. Louviere*, 543 So.2d 1327, 1329 (La. 1989).[2] Whether the law imposes a duty of garde upon a party is a factual inquiry based on the determination of (1) whether the person bears such a relationship as to have the right of direction and control over the thing, and (2) what, if any, kind of benefit the person derives from the thing. *Giorgio v. Alliance Operating, Corp.*, 921 So.2d 58 (La. 2006). In most circumstances ownership alone establishes the requisite benefit, control, and authority to find garde. *Doughty v. Insured Lloyds Ins. Co.*, 576 So.2d 461, 464 (La. 19991). However, this presumption of garde based on ownership is rebuttable. *Id.*

Thompson argues that summary judgment should be granted in her favor because she did not have custody or control over the property in question at the time of the accident, and therefore,

---

[2] The Louisiana Supreme Court's definition of custody is based on the French legal concept of garde. *Royer v. Citgo Petroleum Corp.*, 53 F.3d 116, 118-19 (5th Cir. 1995). "Garde obligates the proprietor of a thing, or one who avails himself of it, to prevent it from damaging others." *Id.*

4

cannot be held liable as a matter of law. Thompson has presented the following evidence through her unrebutted statement of material facts. [Doc. #11-3 (Statement of Uncontested Facts)]. The property in question was previously owned by Thompson's mother, who died in January 2005. *Id.* The property was then inherited by Thompson and her siblings. *Id.* Thompson did not lease the property in question. Rather, on May 7, 2012, an Agreement to Purchase was executed between the heirs and Anna and Wilfred Santiago. *Id.* The Agreement to Purchase transferred custody of the property to the Santiagos. *Id.* The Agreement to Purchase requires the Santiagos to make all repairs and upgrades at their own risk, without the costs associated with the upgrades or repairs being credited to the purchase price of the property. *Id.*

Thompson has been a resident of Texas for the past twenty-three years. *Id.* She has never resided at the property in question and has not visited the property since February 2012. *Id.* Thompson was unaware that the Santiagos were intending to repair the roof in question, and she did not give her consent or authorize the repairs. *Id.* She did not hire or play any role in hiring Mr. Gistard or Mr. LaCour to perform repairs to the roof in question. *Id.*

While Thompson and her co-heirs own the subject property and receive the benefit of installment payments until such time as the agreed upon purchase price has been paid by the Santiagos, this is insufficient to establish garde. Thompson has presented unrebutted evidence that an Agreement to Purchase was entered into between herself and the Santiagos on May 7, 2012, seven months before the accident. She has also provided unrebutted evidence that she has not been in custody or control of the property at any point after May 7, 2012. The Agreement to Purchase placed the property in question within the custody and control of the Santiagos. Accordingly, Thompson cannot be held liable.

5

## CONCLUSION

For the reasons assigned, Thompson's Motion for Summary Judgment [Doc. #11] is hereby **GRANTED**. Plaintiffs' claims against Thompson are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, this 16 day of July, 2014.

*Donald E. Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE