
RECEIVED
MAR 24 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY:

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| LOUISE AND JOHN LACOUR, SR. | CIVIL ACTION NO:13-3169 |
| VERSUS | JUDGE DONALD E. WALTER |
| FOREMOST INSURANCE COMPANY et al | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Doc. #17] filed by Defendant, Foremost Insurance Company ("Foremost"). Plaintiffs, John LaCour, Sr. and Louise LaCour ("the LaCours") did not file an opposition. For the reasons stated herein, Foremost's Motion for Summary Judgment is **GRANTED**. Plaintiffs' claims against Foremost are hereby **DISMISSED WITH PREJUDICE**.

## BACKGROUND INFORMATION

The LaCours filed suit against Cassandra Thompson and her alleged insurer, Foremost Insurance Company ("Foremost"), alleging that Thompson owned property located at 543 Amulet, Natchitoches, Louisiana, which was leased to prospective buyers pursuant to an Agreement to Purchase. The tenants of the relevant property hired Ronnie Gistard to repair a roof on the property, and Plaintiff John LaCour assisted Ronnie Gistard with the roofing job. On or about December 11, 2012, while Mr. LaCour was assisting in making repairs, the roof gave way and Mr. LaCour fell through the roof, landing on a rafter. Mr. LaCour injured his left knee, which required surgery and a lengthy recovery, during which time Mr. LaCour was unable to work and allegedly suffered extreme pain and suffering.

This Court previously dismissed Plaintiffs' claims against Thompson, finding that Thompson

could not be held liable to the LaCours because she did not have custody or control over the property in question at the time of the accident. [*See* Doc. #14]. Based on that dismissal, Foremost now moves for summary judgment, arguing that Plaintiffs have no independent cause of action against Foremost now that its insured has been found not liable. In support of the instant motion, Foremost adopts Thompson's previously-submitted statement of facts and attaches the policy of homeowners insurance issued by Foremost to Thompson. [Docs. ##11-3, 17-3].

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine dispute as to a material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Despite the lack of opposition to the instant motion, summary judgment may not be awarded

simply by default. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). The movant of a motion for summary judgment ultimately has the burden of establishing the absence of a genuine issue of material fact, regardless of whether an opposition has been filed. *Id.* However, in determining whether summary judgment is proper, this court may accept as undisputed all facts set forth in the unopposed motion. *See Eversley v. M Bank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

As Thompson's insurer, the LaCours allege that Foremost is liable to them for the damages sustained on Thompson's property. The LaCours specifically allege that Foremost is liable unto them, pursuant to Louisiana Revised Statutes 22:1220, 22:1214 and 22:658. [*See* Doc. #1, p. 6]. None of these statutes, nor any other applicable provision of Louisiana law, provide these Plaintiffs an independent cause of action against Foremost, given that the Court has already ruled that Foremost's insured, Cassandra Thompson, is not liable to the LaCours. *See Clausen v. Fidelity and Deposit Co. of Maryland*, 95-0504 (La. App. 1 Cir. 8/4/95); 660 So.2d 83, 85 (to recover against an insurer under La. R.S. 22:658 and 22:1220, plaintiff must first have a valid, underlying, substantive claim upon which insurance coverage is based); *see also Matthews v. Allstate Ins. Co.*, 731 F. Supp. 2d 552, 566-67 (E.D. La. 2010).

## CONCLUSION

For the foregoing reasons, Foremost's Motion for Summary Judgment [Doc. #17] is hereby **GRANTED**. Plaintiffs' claims against Foremost are hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 24 day of March, 2015.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

3